# IN THE SUPREME COURT OF IOWA

No. 17–1822

Filed September 6, 2019

**STATE OF IOWA,**

Appellee,

vs.

**JUSTIN COLE MOORE,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

A defendant appeals the judgment and sentence imposed following his conviction for child endangerment resulting in serious injury. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, W. Wayne Saur, County Attorney, and Coleman McAllister, Assistant Attorney General, for appellee.

**PER CURIAM.**

Justin Cole Moore appeals following his conviction for child endangerment resulting in serious injury, in violation of Iowa Code sections 726.6(1)(*a*) and 726.6(5) (2017). He raises two ineffective-assistance-of-counsel claims and challenges the sentence imposed.

We transferred the case to the court of appeals. The court of appeals affirmed Moore's conviction and sentence. Moore asked for further review, which we granted.

On further review, we choose to let the court of appeals decision stand as our final decision regarding the ineffective-assistance-of-counsel claims. *See State v. Baker*, 925 N.W.2d 602, 609 (Iowa 2019) ("On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012))). Therefore, we affirm Moore's conviction.

As to Moore's argument that the district court erred in ordering him to pay restitution without first determining his reasonable ability to pay, we find his sentence regarding restitution should be vacated. In *State v. Albright*, filed after the court of appeals decision in this case, we set forth the procedure to follow when determining the restitution obligation of a defendant. 925 N.W.2d 144, 158–62 (Iowa 2019). There we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *Id.* at 159; *see* Iowa Code § 910.2(1). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright*, 925 N.W.2d at 160. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.* at 161.

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution.

Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright.*

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.